ERNEST W. CRUSE, as Receiver of HENRY A. WALTER & COMPANY, and HENRY A. WALTER, Individually, Respondent, v. GEORGE C. ROUNDS, Appellant.— Order affirmed, with ten dollars costs and disbursements. Per Curiam. The receiver appointed under the provisions of the Martin Act (Gen. Business Law, art. 23-A)■ is to be given title only to property derived by the defendant by means of the fraudulent practices complained of, including also all property with which the fraudulently derived property has been commingled, if such property cannot be identified in kind because of such commingling. (*People* v. *Smith Co.*, 230 App. Div. 8.) The record before us contains an order appointing the plaintiff in this action receiver of Henry A. Walter, both individually and as proprietor of Henry A.

Walter & Company, with full power of liquidation. The illegal practice upon which the action against Walter was founded is not clearly stated in the papers, but seems to relate to conducting a brokerage business while insolvent. We find nothing in the record to show that all of the property of Walter did not come within the description of property of which a receiver might be appointed under article 23-A. The conclusion follows that the receiver is authorized to prosecute this action. All concur.